[No. 7249.    Decided September 28, 1908.]

IDA M. JOHNSON et al., Respondents, v. O. D. JOHNSON et al.,
Appellants.[1]

Appeal from a judgment of the superior court for Chelan county, Steiner, J., entered July 29, 1907, upon findings in favor of the plaintiffs, after a trial before the court, in an action to quiet title. Affirmed.

Williams & Grimshaw and Ira Thomas, for appellants.

Reeves & Reeves, for respondents.

ROOT, J.—This is an action brought by respondents to require appellants to execute and deliver to them a warranty deed for the south sixty feet of the north half of lot 4, block 21, in Suburban Home Addition to Wenatchee, Washington, and to require them to deed an undivided one-half interest in lot 32, block 12, Great Northern plat of the city of Wenatchee. From a decree of the trial court finding that respondents were the rightful owners of the property involved and entitled to a conveyance thereof, and directing said conveyance to be made, this appeal is prosecuted by the defendants.

Appellants are husband and wife. Respondent Ida M. Johnson is the widow of John Alvis Johnson, son of the appellants, and the respondent Alta Margaret Johnson is the daughter of Ida M. Johnson. In 1895, O. D. Johnson and John Alvis Johnson opened a repair shop and jewelry store in Wenatchee, and were for a time partners therein. In the year 1899, the firm contracted to purchase lot 32, of block 12, Great Northern plat, and prior to the death of John Alvis Johnson a deed was received to said property. In 1900, O. D. Johnson entered into a contract with the Wenatchee Development Company to purchase the south half of lot 1 and the north half of lot 4, in block 24, Suburban Home Addition to Wenatchee, excepting a strip of thirty feet on the easterly side of said lots, and subject to the right of irrigation of the Wenatchee Water Power Company, said tract containing a fraction less than two acres. It is claimed by respondents that this contract was made with an understanding

[1]Reported in 97 Pac. 452.

between O. D. Johnson and John Alvis Johnson that the latter should have a sufficient portion thereof upon which to build a house for himself and family. In 1901 the defendants erected a house on the northerly side of said premises, and John Alvis Johnson and wife erected a house on the southerly portion thereof. The controversy in this case is as to whether or not it was the intention of the parties that this portion of the premises upon which John Alvis Johnson and wife built their house was intended to be their property. The evidence in some particulars is conflicting, but there is much evidence of statements made by appellant O. D. Johnson, and of a course of conduct followed by him, which tends strongly to show that respondents' contention is correct, and which statements and course of conduct are inconsistent with the claim now put forth by appellants.

We do not think it would serve any good purpose to discuss the evidence at length. The trial court had the advantage of the presence of the parties and their witnesses, and also made a personal examination of the premises, and we think that the evidence found in the record sustains its findings and conclusions. The decree is therefore affirmed.

HADLEY, C. J., FULLERTON, RUDKIN, and MOUNT, JJ., concur.

DUNBAR and CROW, JJ., took no part.